USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
KARA LEE HEWETT,

                Plaintiff,           12 Civ. 6105 (WHP)

   -against-                MEMORANDUM & ORDER

BARCLAYS CAPITAL,

                Defendants.
------------------------------- X

WILLIAM H. PAULEY III, District Judge:

        Defendant Barclays Capital moves to dismiss Plaintiff pro se Kara Lee Hewett's complaint on the ground that it is barred by res judicata. For the following reasons, Barclay's motion is granted.

        Hewett alleges that Barclays violated her rights under the Family Medical Leave Act when it terminated her on May 6, 2011. Shortly after Hewett's termination, the Equal Employment Opportunity Commission mediated the dispute regarding the termination of Hewett's employment. The mediation was successful: Barclays paid $75,000 to Hewett in exchange for her release of any and all claims against Barclays.

        Subsequently, Hewett brought suit against Barclays for wrongful termination. Hewett v. Barclays Capital, et al., 12 Civ. 1713 (PKC), 2012 WL 2820274, at *9, n.1 (S.D.N.Y. July 5, 2012). In that complaint, Hewett alleged that she was induced to sign the settlement agreement because Barclays had not provided her with FMLA leave. She also argued that, pursuant to 29 C.F.R. § 825.220(d), her rights under the FMLA could not be waived and that the agreement was therefore void. Hewett v. Barclays Capital, et al., 12 Civ. 1713 (PKC), ECF 37.

Holding that the settlement agreement was valid, Judge Castel rejected Hewett's arguments and granted Barclays's motion to dismiss. See Hewett, 2012 WL 2820274, at *11.

While her first lawsuit was pending, Hewett filed another suit challenging Barclays's termination of her employment. That action was accepted by Judge Castel as related to her earlier lawsuit. Again, by letter dated July 6, Hewett argued that her rights could not be waived under the FMLA. And again, Judge Castel upheld the settlement agreement and noted that Hewett "may not re-litigate that issue in a separate action." Hewett v. Barclays Capital, et al., 12 Civ. 3539 (PKC) (S.D.N.Y. July 27, 2012).

Despite Judge Castel's admonition, Hewett filed this third action—which involves the same facts, the same defendant, and the same losing arguments. Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigating of the claim raises the same issues as the earlier suit." Wyly v. Weiss, 697 F.3d 131, 140 (2d Cir. 2012) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). "[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit [ ] are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." In re Teltronics Servs., Inc., 762 F.2d 185, 193 (2d Cir. 1985) (internal quotations omitted).

Hewett contends that her FMLA arguments were not before Judge Castel in her first two cases. But they were. See Hewett, 2012 WL 2820274, at *11; Hewett v. Barclays Capital, et al., 12 Civ. 3539 (PKC) (S.D.N.Y. July 27, 2012) (upholding the settlement agreement and rejecting Hewett's FMLA arguments). And, even if Hewett had presented a new legal theory, her claim would be precluded: "New legal theories do not amount to a new cause

of action so as to defeat the application of the principle of res judicata." In re Teltronics Servs., Inc., 762 F.2d at 193.

Hewett's latest suit alleges that the Separation Agreement is void because her FMLA rights were unwaivable. But this claim was clearly before Judge Castel twice. This Court cannot upset those decisions. See Weiss, 697 F.3d at 140. Accordingly, Barclay's motion to dismiss is granted. The Clerk of the Court is directed to terminate all pending motions, enter judgment in favor of the Defendant, and mark this case closed.

Dated:   December 10, 2012
         New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to*:

Kara Lee Hewett
6 Silent Grove North
Westport, CT 06880
*Plaintiff Pro Se*

*Counsel of Record*:

Katrina Lynne Baker
Robert Neil Holtzman
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
Counsel for Defendant